IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH

| | |
|---|---|
| BSJ TRAVEL INC., a Utah corporation, including and on behalf of the present and future officers and agents of BSJ Travel, Inc.<br><br>Plaintiffs,<br><br>vs.<br><br>OGDEN CITY AIRPORT; and OGDEN CITY, a municipality in the State of Utah; GARY WILLIAMS, an individual and Government Official; BRYANT GARRETT, an individual and Government Official; and JOHN DOES 1-10,<br><br>Defendants. | MEMORANDUM DECISION AND ORDER<br><br>Case No. 1:22CV156 DAK-DAO<br><br>Judge Dale A. Kimball |

This matter is before the court on Defendants' Motion to Dismiss for Failure to State a Claim. On July 13, 2023, the court held a hearing on the motion. At the hearing, Douglas M. Durbano represented Plaintiff BSJ Travel, and Stephen F. Noel represented Defendants Ogden City Airport, Ogden City, Gary Williams, and Bryant Garrett. At the conclusion of the hearing, the court took the motion under advisement. The court has carefully considered the memoranda filed by the parties, the arguments made by counsel at the hearing, and the law and facts pertaining to the motions. Now being fully advised, the court issues the following Memorandum Decision and Order granting Defendants' Motion to Dismiss.

## BACKGROUND

BSJ Travel ("BSJ") leases ground from Ogden City at the Ogden City Municipal Airport for the placement of its hangar and offices (Hangar N-1460"). The Hangar Lease is dated December 1, 2018, and it runs for a term of 15 years. BSJ has filed this action for "declaratory, injunctive,

1

extraordinary relief and damages arising from Defendants alleged unconstitutional violation of civil rights; denial of due process; taking; withholding or otherwise holding and denying access to and of property without just compensation; discriminatory, arbitrary and capricious behavior; abuse of governmental monopolistic power; violation of its own governmental ordinances in denying Plaintiffs access to its property and the Ogden Airport facility generally, and by specifically turning off electronic gate passes known as 'Security Badges' previously issued to an agent of BSJ, notwithstanding that the individual agent of BSJ has qualified in all ways, and for many years in the past, for such access privileges."[1]

Plaintiff alleges that on or about September 10, 2022, Defendants electronically shut off the gate access and security badge for Mr. Douglas M. Durbano ("Durbano"), who is the President of BSJ Travel (and one of the attorneys representing Plaintiff BSJ in this case). Plaintiff contends that this action denied Plaintiff any access to the airport facility and the personal property and business premises of his company, BSJ Travel Inc.[2]

Durbano had previously filed a class-action lawsuit (the "Class-Action Lawsuit") against Defendants, which another judge of this court, Judge David Barlow, dismissed.[3] The matter is

---

[1] Plaintiff has conceded that its First Cause of Action for Injunctive Relief should be dismissed as moot.

[2] The attorneys in this case (including Durbano) seem to confuse and obfuscate "Plaintiff," which is BSJ Travel, with Durbano, who is BSJ's president. There is no allegation that Plaintiff BSJ ever lost access to its hangar, as its vice president, Jared Brown, always had badge access.

[3] Case No. 1:21CV0075-DBB, ECF No. 98.

currently pending on appeal in the United States Court of Appeals for the Tenth Circuit.[4] Many of the same causes of action were alleged in the Class-Action Lawsuit.

## DISCUSSION

The court grants Defendants' Motion to Dismiss for all the reasons set for in Defendants' Motion and Reply memorandum.

Specifically, as to Plaintiff's Fifth Amendment Claim, the court finds that Plaintiff's claims are barred by issue preclusion.[5] And even if issue preclusion does not bar Plaintiff's claims, the court agrees with Judge Barlow's reasoning in the Memorandum Decision and Order dated July 11, 2022, in the Class-Action Lawsuit.[6] In that action, Judge Barlow determined that Plaintiffs had failed to state a plausible physical or regulatory takings claim. A plaintiff who sues on a government contract "is entitled to a takings remedy only if it is foreclosed from bringing a breach of contract action, i.e., if its contract rights have been 'taken'." *Cross Continent Dev., LLC v. Town of Akron*, 742 F. Supp. 2d 1182, 1184 (D. Colo. 2010) (quoting *Pi Elecs. Corp. v. United States*, 55 Fed. Cl. 279, 285 (2003)). Thus, when rights related to a contract with a government are in dispute, "interference with [those] rights generally gives rise to a breach claim not a taking claim." In the instant case, Plaintiff has not plausibly alleged that it possesses a

---

[4] *See Wheelwright v. Ogden City Airport*, No. 22-4083 (10th Cir).

[5] The pleadings establish that Mr. Durbano is both the principal manager and an owner of both BSJ and Durbano Properties, LLC. Plaintiff is therefore a privy of Durbano Properties, and the dismissal of the Class Action case bars Plaintiff's current claims.

[6] *Ogden Regional Airport Ass'n v. Ogden City Airport*, Case No. 1:21CV0075, ECF No. 98.

recognized property interest that is protected by the Fifth Amendment.[7] Moreover, Plaintiff has not plausibly alleged that it was ever deprived access because Plaintiff admits that its vice president, Jared Brown, had a functioning security badge at all times material to this lawsuit.

Additionally, the court finds that Plaintiff's claims are moot because Mr. Durbano's security badge—the primary focus of this lawsuit—was issued to him on November 18, 2022.[8]

As to the remaining claim for retaliation in violation of the First Amendment, the court concludes that Plaintiff has failed to plausibly allege the necessary elements of such a claim. To make out a claim of unlawful retaliation by government officials in response to the exercise of one's First Amendment right to petition, the Tenth Circuit has found that three elements must be present. *Requena v. Roberts*, 893 F.3d 1195, 1211 (10th Cir. 2018). The plaintiff must show that (a) he or she was engaged in constitutionally protected activity; (b) the defendant's actions caused the plaintiff to suffer an injury that would chill a person of ordinary firmness from

---

[7] Moreover, BSJ's claims are contradicted by the terms of the BSJ Lease Agreement, and Administrative Policy 2070-1 (Airport Identification Badge): "Airport tenants, operators, and users have no contractual or property interest in the issuance or retention of a Badge." ECF Nos. 25-2 (Private Hangar Lease Agreement Between Ogden City Corporation and BSJ Travel, Inc Hangar N-1460); 25-4 (Administrative Policy 2070-1) at p. 6.

[8] Indeed, it appears that renewal of Mr. Durbano's security badge was contingent upon the fire and safety inspection of the BSJ hangar. The inspection had long been scheduled for November 18, 2022, but Plaintiff filed this action just a few days before the inspection—on November 14, 2022. *See* ECF Nos. 1, 11, and 18. Plaintiff also filed a Motion for Temporary Restraining Order and Preliminary Injunction along with the Complaint. ECF Nos. 1 and 2.

Plaintiff received his badge after the inspection on November 18. On November 23, 2022, Defendants filed a Notice of Mootness and Expedited Ex Parte Motion to Vacate Hearing or to Continue Hearing and Modify Briefing Schedule. *See* ECF No. 14. The court vacated the hearing and the briefing schedule and requested that Plaintiff file a status update. ECF No. 15. The court eventually denied as moot Plaintiff's Motion for Temporary Restraining Order and Preliminary Injunction. ECF No. 24.

continuing to engage in that activity; and (c) the defendant's adverse action was substantially motivated as a response to the plaintiff's exercise of constitutionally protected conduct. *See Worrell v. Henry*, 219 F.3d 1197, 1212 (10th Cir. 2000).

The court assumes that the alleged protected activity is the filing of this lawsuit, but Plaintiff has failed to allege sufficient facts to establish that all Defendants engaged in any adverse action against BSJ as a response to BSJ exercising its First Amendment rights by bringing this lawsuit. The alleged retaliatory act—refusal to issue a security badge—is the very reason BSJ filed this lawsuit. In other words, as Judge Barlow also reasoned in his decision in the Class-Action Lawsuit, Defendants' decision not to issue Doug Durbano a security badge upon his demand caused this lawsuit, not the other way around.[9] Plaintiff BSJ, just as the plaintiffs in the lawsuit before Judge Barlow, has failed to allege facts sufficient to show that any of Defendants' actions caused Plaintiff BSJ to suffer an injury that would chill a person of ordinary firmness from exercising their First Amendment rights, or that any of Ogden's purportedly adverse action was substantially motivated as a response to Plaintiff BSJ's exercise of constitutionally protected conduct.

Plaintiff's mere allegation that Defendants' actions have had a chilling effect on "Plaintiff's (sic) and others" is not supported by the allegations in this case. Moreover, Plaintiff fails to allege any plausible retaliatory activity. Additionally, Plaintiff BSJ simply lumps all of the Defendants together but fails to allege which Defendants engaged in which wrongful conduct,

---

[9] *See* Memorandum Decision and Order Granting Defendants' Motion to Dismiss, Case No. 1:21CV0075, ECF No. 98, p. 18.

which is also fatal to Plaintiff's claim. Thus, Plaintiff's claim under the First Amendment must be dismissed.

Because Plaintiff has not sufficiently or plausibly alleged any constitutional violation, its claim for "violation of civil rights" must also fail, as "Section 1983 does not alone create any substantive rights; rather it provides a remedy for deprivations of rights established elsewhere in the Constitution or federal laws." *See Barfield v. Brierton*, 883 F.2d 923, 934 (11th Cir. 1989). Similarly, its claim for declaratory relief also fails, as there is no claim upon which declaratory relief could be based.

## CONCLUSION AND ORDER

For the foregoing reasons, IT IS HEREBY ORDERED that Defendants' Motion to Dismiss [ECF No. 25] is GRANTED, and Plaintiff's action is hereby dismissed.

DATED this 31st day of July, 2023.

BY THE COURT:

_____
DALE A. KIMBALL
United States District Judge