| | |
|---|---|
| **BSJ TRAVEL INC.**, a Utah corporation including and on behalf of the present and future officers of BSJ Travel, Inc., <br><br>Plaintiff,<br><br> v.<br><br>**OGDEN CITY AIRPORT; OGDEN CITY**, a municipality in the State of Utah; **GARY Williams**, an individual and Government Official; **BRYANT GARRETT**, and individual and Government Official; and **JOHN DOES 1-10.** ,<br><br>Defendants. | **MEMORANDUM DECISION AND ORDER**<br><br>Case No. 1:22-CV-00156-DAK<br><br>Judge Dale A. Kimball |

This matter is before the court on Defendants' Motion for Attorney Fees pursuant to Rule 54(d)(2) of the Federal Rules of Civil Procedure and Rule 54-273 District of Utah Local Rules, together with the lease agreement that forms the basis of the parties' relationship. The court does not believe that a hearing will significantly aid in its determination of the motion. The court, therefore, renders the following Memorandum Decision and Order based on the materials submitted by the parties.

## BACKGROUND

In 2018, Defendants and Plaintiff entered into a contract ("Hangar Lease") regarding land that Plaintiff leased from Defendants. Included in this contract is the following language:

> If any action is brought to recover any rent or other amount under this Agreement because of any default under this Agreement, to enforce or interpret any of the provisions of this Agreement, or for recovery of possession of the Premises, the party prevailing in such action shall be entitled to recover from the other party reasonable attorneys fees, court costs, the fees of experts and other professionals, and other costs arising from such action (including those uncured in connection with any appeal), the amount of which shall be fixed by the court and made a part of any judgment rendered. Tenant shall be responsible for all expenses, including, but not limited to, attorneys fees, incurred by City in any case or proceeding involving Tenant or any permitted assignee of Tenant under or related to any bankruptcy or insolvency law. The provisions of this section E.5 shall survive any expiration or termination of this agreement.

1

*See* ECF No. 25-2, p. 34, ¶ E.5.

On November 14, 2022, Plaintiff filed a complaint that included claims for temporary, preliminary, and permanent injunctive relief; physical taking of property; retaliation; and a violation of civil rights under U.S.C. § 1983 [ECF No. 1]. These claims arose from the relationship between Defendants and Plaintiff that was set forth in the Hangar Lease.

In response to these claims, Defendants filed a Motion to Dismiss [ECF No. 25]. On July 31, 2023, this court issued its Memorandum Decision and Order granting Defendants' Motion to Dismiss for Failure to State a Claim. After this, Defendants brought a Motion for Attorney Fees [ECF No. 53]. Based on the time counsel spent on the case, Defendants seek $38,130.50 in attorney fees and costs. Plaintiff argues that Defendants are not entitled to attorney fees because the claims are not based on the Hangar Lease. Defendant, however, argues that all of the claims asserted by Plaintiff stem from the relationship created by the Hanger Lease, and they are, therefore, entitled to attorney fees.

## DISCUSSION

Attorney fees are generally only recoverable if an applicable statute or contract provides for them. *Stewart v. Utah Pub. Serv. Comm'n*, 885 P.2d 759, 782 (Utah 1994). When a contract provides for attorney fees, the fees are only allowable per the terms of the contract. *A.K. & R. Whipple Plumbing and Heating v. Guy*, 94 P.3d 270, 272. This case arises out of the Hangar Lease contract. Accordingly, to decide this motion, the court must determine who the prevailing party is in this case and whether the fees awarded are reasonable. *See Mrs. Fields Franchising, LLC v. MFGPC, Inc.*, No. 2:15-CV-00094-DAK, 2021 WL 5086377 at *4 (D. Utah Nov. 2, 2021). The court address both of these issues in turn below.

2

I.  **Prevailing Party**

Under Utah law, courts use a "flexible and reasoned approach" to determine the prevailing party. *Neff v. Neff*, 2011 UT 6, 247 P.3d 380, 399. A court must base the decision to award attorney fees on a number of factors, including (1) "the language of the contract [ . . .] that forms the basis for the attorney fee award," (2) "the number of claims brought by the parties," (3) "the importance of each of the claims relative to the entire litigation", and (4) "the amounts awarded on each claim." *Id*. at 398. The court may also consider whether interests of "justice and equity" weigh in favor of an award of attorney fees. *Xlear*, 893 F.3d at 1239.

In regard to factor (2), seven claims were asserted by Plaintiff. The fact that all seven claims were dismissed leans toward finding Defendant as the prevailing party. Since they all were dismissed and no amount was awarded, factors (3) and (4) are not as relevant to this analysis.

Factor (1), however, is critical. This entire dispute arises from the Hangar Lease contract between Defendant and Plaintiff. In their complaint, Plaintiff explains that "BSJ is an owner of a Hangar, N-1460, that has been constructed, built, and placed on real property owned by Ogden Airport pursuant to a 'PRIVATE HANGAR LEASE AGREEMENT [' . . .] dated December 1, 2018, by and between Ogden and BSJ ('Hangar Lease')." The complaint further explains that "[o]n or about September 10, 2022, the Defendants electronically shut off the gate access and security badge for Mr. Douglas M. Durbano ('Durbano'), who is the President of BSJ Travel Inc., thereby denying Plaintiff any access to the airport facility and the personal and business premises of his company, BSJ Travel Inc." Additionally, in the order granting Defendants' Motion to Dismiss this court explained that "when rights related to a contract with a government

are in dispute, 'inference with [those] rights generally give rise to a breach claim not a taking claim'" [ECF No. 51].

Plaintiff argues that the claims asserted in this case did not arise from the Hangar Lease and instead were grounded in constitutional principles. However, as the complaint and recent order demonstrate, the claims were rooted in the relationship and rights that were established in the Hangar Lease. But for the Hangar Lease, Plaintiff would have no interest in, or rights associated with the land at issue. Thus, the terms of the Hangar Lease were essential to Plaintiff's claims.

It follows then that the language of the Hangar Lease will be considered in determining an award for attorney fees. As explained above, the Hanger Lease contains a clause that explicitly allows for the award of attorney fees if "any action is brought to [ . . . ] enforce or interpret any of the provisions of this Agreement." The claims asserted in this case required this court to assess and interpret the provisions of the Hangar Lease. Thus, the language of the contract demands the award of attorney fees, and the *Neff* factors, therefore, establish that Defendants are the prevailing party.

II. **Reasonableness**

Under Utah law, an award for attorney fees "must be supported by evidence on the record." *Xlear*, 893 F.3d at 1241. "[T]he evidence should include the hours spent on the case, the hourly rate or rates charged for those hours, and usual and customary rates for such work." *Id*. The evidence submitted should allow the district court to answer and assess four questions:

(1) What legal work was actually performed?
(2) How much of the work performed was reasonably necessary to adequately prosecute the manner?
(3) Is the attorney's billing rate consistent with the rates customarily charged in the locality for similar services?
(4) Are there circumstances which require consideration of additional factors[. . .]?

4

*Dixie State Bank v. Bracken*, 764 P.2d 985, 990 (Utah 1988).

Regarding the first and second questions, the legal work that was performed on behalf of Defendant is made clear in the Declaration of Attorney Fees and Costs that was filed by Defendant [ECF No. 53]. The Declaration clearly outlines the hours spent on this case and provides descriptions of how each hour was used. The court finds that these hours submitted are reasonable for the legal work that that was performed. The court also finds that the time spent on this litigation was reasonable.

In answer to the third question, the court finds that the attorney's billing rate is reasonable. In the declaration, Defendants' counsel explained that he charges $225.00 and $280.00 per hour for attorney work and between $120.00 and $150.00 per hour for paralegal or legal assistant work. These rates are reasonable in the Ogden, Utah area. Thus, the court finds that counsel's billing rate is reasonable.

As to the final question, this court does not believe there are any circumstances or situations at play that require the consideration of additional factors. Thus, the attorney fees and costs are reasonable.

## Conclusion

As of August 14, 2023, Defendants had been charged $38, 0066.50 in attorney fees and $64.00 in costs as a result of this litigation, totaling an amount of $38,130.50. For the reasons discussed above, Defendants' Motion for Attorney Fees is GRANTED, and Plaintiff is ORDERED to pay $38,130.50 in attorney fees.

Dated this 8th day of February 2024.

BY THE COURT:

*[signature: Dale A. Kimball]*

DALE A. KIMBALL

United States District Judge