Steven Bergman (#13641)
**RICHARDS BRANDT MILLER NELSON, P.C.**
111 E. Broadway, Suite 400
Salt Lake City, Utah 84111
Telephone: (801) 531-2000
Steven-bergman@rbmn.com

Douglas M. Durbano (#04209)
Richard A. Bednar (#06074)
**DURBANO LAW FIRM, P.C.**
476 West Heritage Park Blvd., Suite 105
Layton, Utah 84041
Telephone: (801) 776-4111
Facsimile: (801) 776-1121
office@durbanolawfirm.com
richard@durbanolawfirm.com

*Attorneys for Plaintiffs*

**IN THE UNITED STATES DISTRICT COURT
DISTRICT OF UTAH, NORTHERN DIVISION**

| | |
|---|---|
| **BSJ TRAVEL INC.**, a Utah Corporation, including and on behalf of the present and future officers and agents of BSJ Travel, Inc.<br><br>Plaintiffs,<br>v.<br><br>**OGDEN CITY AIRPORT**; and **OGDEN CITY**, a municipality in the State of Utah; **GARY WILLIAMS**, an individual and Government Official; **BRYANT GARRETT**, an individual and Government Official; and **JOHN DOES 1-10**.<br><br>Defendants. | **MOTION TO ALTER OR AMEND MEMORANDUM DECISION AND ORDER AWARDING ATTORNEY'S FEES**<br><br><br><br><br><br>Case No.: 1:22-CV-00156-DAK<br><br>Judge Dale A. Kimball |

Pursuant to Rule 59(e) of the Federal Rules of Civil Procedure ("FRCP"), Plaintiff BSJ Travel Inc. ("BSJ"), through undersigned counsel, submits this Motion to Alter or Amend the

Court's Amended Memorandum Decision and Order dated February 8, 2024 (the "Decision"), granting Defendants' Motion for Attorney Fees.

## RELIEF REQUESTED

BSJ respectfully requests this Court to alter or amend its order granting attorney's fees to Defendants. BSJ asserts two arguments in support of its motion. First, the impetus for this action was Defendants improperly deactivating the security access badge of BSJ's President Douglas Durbano and then refusing to renew or restore Durbano's access to his privately owned hangar. As the Court's Decision recognizes, during the pendency of this action, Defendants ultimately issued Durbano a new security badge, and this issue became moot. Because Plaintiff achieved its primary objective in bringing suit, Defendants should not be considered the prevailing party and should not have been awarded attorney fees. Second, the award of attorney fees is premised upon a contract provision allowing an award of attorney fees to a prevailing party brought to enforce or interpret the ground lease between the parties. Plaintiff's complaint, however, did not assert any cause of action to enforce or interpret the ground lease between the parties. Instead, Plaintiff's first four causes of action were based upon claimed violations of constitutional rights; Plaintiff's fifth cause of action was for Declaratory Relief pursuant to 28 U.S.C. § 2201 asserting that Defendants were acting in violation of TSA regulations, Ogden City ordinance, and the constitutions of the United States and Utah.

## FACTS

1. This action was precipitated when Defendants deactivated the security access badge of BSJ's president, Douglas Durbano, then refused to restore his access to his personal property located within his privately owned hangar. ECF No. 1, ¶ 24-29, 32-38.

2

2. BSJ initiated this action to restore Durbano's access rights, enjoin Defendants from similar future conduct, and seek compensation for asserted violations of constitutional rights. ECF1, p. 17 (Prayer for Relief).

3. BSJ's complaint asserted four causes of action for violations of constitutional rights and a claim for declaratory judgment based upon violations of TSA regulations, Ogden ordinances, and the United States and Utah Constitutions. ECF 1, ¶¶ 62-86.

4. Notably, BSJ's complaint did not assert a cause of action for breach of contract, request enforcement or interpretation of the contract, or seek a declaration that Defendants were in default under the contract. *See generally* ECF 1.

5. On July 31, 2023, this Court granted Defendants' Motion to Dismiss. ECF 51.

6. In granting the Motion to Dismiss, the Court observed: "the court finds that Plaintiff's claims are moot because Mr. Durbano's security badge—the primary focus of this lawsuit—was issued to him on November 18, 2022." *Id*. at 4.

7. Despite the dismissal of Plaintiff's complaint, the primary focus relating to access rights was achieved with the reinstatement of the security badge functionality. *Id*.

8. The Court's Decision granting Defendants' Motion for Attorney Fees concluded that Defendants were the prevailing party but did not address and analyze the substantive outcome favoring BSJ. *See* ECF 77 at 3-4.

**ARGUMENT**

I. **DEFENDANTS SHOULD NOT BE DEEMED A PREVAILING PARTY.**

Because this action resulted in BSJ achieving its primary objective, a restored security badge, Defendants should not be considered a prevailing party. Plaintiff urges the Court to amend its decision accordingly.

Plaintiffs are typically deemed prevailing parties for the purpose of attorney's fees "if they succeed on any significant issue in litigation which achieves some of the benefit the parties sought in bringing suit." *David C. v. Leavitt*, 900 F. Supp. 1547, 1553-54 (D. Utah 1995) (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983). Under Utah Law, "[e]ven where a contract provides that a prevailing party 'shall be entitled' to fees, it is still possible that neither party should be deemed to have prevailed in litigation where both parties obtained mixed results." *Wihongi v. Catania SFH LLC*, 472 P.3d 308, 311 (Utah Ct. App. 2020) (quoting *Neff v. Neff*, 247 P.3d 380, 384 (Utah Sup.Ct. 2011)).

Here, the court should reevaluate its initial determination regarding Defendants' status as the prevailing party. Binding precedent recognizes an established standard for determining a prevailing party in the context of attorney's fees, emphasizing that success on any significant issue in litigation, which achieves some of the benefit the parties sought in bringing suit, suffices. This principle directly applies to the results in this action. As the Court noted in dismissing Plaintiff's action, BSJ's primary litigation goal—reinstatement of a security badge and access rights—was achieved. ECF 51 at 4. This outcome not only represents a significant issue but also delivers a tangible benefit sought by BSJ and aligns with the criterion for prevailing party status.

Further, under Utah Law, even when contracts designate entitlement to fees for the prevailing party, the actual outcomes of the litigation must be examined to determine if one party truly prevailed, especially in cases resulting in mixed outcomes. In this case, although the procedural disposition, dismissal based upon mootness, might not have been entirely in BSJ's favor, the substantive result—regaining access rights—constitutes a clear victory on a significant issue, reflecting the mixed outcomes scenario depicted in *Wihongi*.

Because BSJ succeeded in its primary goal of regaining its security badge and access rights, the court should not conclude that Defendants are a prevailing party.

**II.   THIS ACTION DID NOT SEEK ENFORCEMENT OR INTERPRETATION OF A CONTRACT ENTITLING EITHER PARTY TO SEEK ATTORNEY FEES PURSUANT TO ANY CONTRACT PROVISION.**

The contract provides that attorneys' fees shall be awarded for a party's efforts "to enforce or interpret any of the provisions of this Agreement[.]" ECF 77, at 1 (citing ECF 25-2, p. 34, ¶ E.5).

"If the legal right to attorney fees is established by contract, Utah law clearly requires the court to apply the contractual attorney fee provision and to do so strictly in accordance with the contract's terms." *Hahnel v. Duchesne Land, LC*, 305 P.3d 208, 212 (Utah Ct. App. 2013); citing *Jones v. Riche*, 2009 UT App 196, ¶ 2, 216 P.3d 357 (mem.); *see also Johnson v. Heath*, No. 2:17-cv-00416, 2020 U.S. Dist. LEXIS 148265, at *6 (D. Utah Aug. 14, 2020) ("Contractual provisions allowing for recovery of attorney fees are strictly construed.")

While it is true that under Utah law, attorney fees can be recovered when a party is attempting to enforce the provisions of a contract, it is fundamental to distinguish between actions arising out of contract provisions and those that arise out of statutory or constitutional rights. In its complaint, BSJ set forth claims of a constitutional dimension, asserting violations of due process and equal protection under the Fourteenth Amendment, as well as unlawful taking under the Fifth Amendment. Such claims do not arise under the provisions of the contract between the parties. The relationship established by the Hangar Lease is incidental to the constitutional claims presented. BSJ's claims do not seek to enforce the Hangar Lease but instead, remedy the alleged violations of constitutional rights. Constitutional claims are not an attempt to either enforce or interpret a contract provision.

5

*Sirgany Int'l v. Greater Orlando Aviation Auth.*, Case No. 82-501-Civ-Orl-19, 1988 U.S. Dist. LEXIS 18423, (M.D. Fla. July 5, 1988) illustrates this point. In this case, Defendant sought attorney's fees after prevailing over Plaintiff on claims of fraud, breach of contract, and violation of federal constitutional and statutory rights. "The contract provide[d] that attorneys' fees shall be awarded for a party's efforts "to enforce its rights under this agreement[.]" *Id*. at *9. The court held that "[e]xcept for the breach of contract claim, none of these claims were related to enforcing rights under the agreement between Plaintiff and Defendant. Therefore, attorneys' fees can be awarded only for the breach of contract claim." *Id*. This approach and analysis of attorney fees pursuant to a contract provision is entirely consistent with well-established Utah precedents. *Loosle v. First Fed. Sav. & Loan Ass'n of Logan*, 858 P.2d 999, 1003 (Utah 1993) (holding that quiet title action to determine water rights did not invoke fees provisions since the action did not involve collection on note or enforcement of the trust deed as required by provisions of note and trust deed); *Forrester v. Cook*, 77 Utah 137, 292 P. 206, 213 (1930) (holding that plaintiff, bringing unlawful detainer action, could not rely on contractual provision to obtain attorney fees, since action was "one for recovery of possession of property and damages because of unlawful detention" and not to enforce the contract), overruled on other grounds by *P.H. Inv. v. Oliver*, 818 P.2d 1018 (Utah 1991); *Maynard v. Wharton*, 912 P.2d 446, 451 (Utah Ct. App. 1996) (holding that litigation over abrogation clause was not a default and contractual provision for attorney fees was only triggered by default); *Palmer v. Hayes*, 892 P.2d 1059, 1062-63 (Utah Ct. App. 1995) (holding that dispute over whether sellers had elected their remedy was not one of default, which was contractually required in order to collect attorney fees); *Carr v. Enoch Smith Co.*, 781 P.2d 1292, 1296 (Utah Ct. App. 1989) (striking down contractually-based attorney fees award to party who successfully proved contract at issue was void).

Because Utah precedent unambiguously establishes that contractual provisions for the recovery of attorney's fees are to be strictly construed and because the dispute in this action does not pertain to the enforcement or interpretation of the contract itself, an award of attorney fees based upon the contract between the parties should not be permitted. Even if Defendants may be appropriately deemed the prevailing party in this litigation, an award of attorney fees pursuant to the contract is not appropriate because BSJ's claims are not related to enforcing or interpreting the contract. Plaintiff urges the Court to amend its Decision to recognize that an award of attorney fees is not proper where the complaint's causes of action are grounded in constitutional law rather than the contract between the parties.

Accordingly, BSJ requests the Court to alter or amend its Decision on the award of attorney fees in light of the nature of the claims and the strict construction required for contractual attorney fee provisions. The intent of the contract's attorney fee clause was not to encompass constitutional violations and applying it as such would be beyond the provision's scope and against the principles announced in Utah case law.

## CONCLUSION

Given the desired relief obtained by Plaintiff in this case—namely, the reinstatement of their security badge and access rights—combined with the fact that Plaintiff's complaint did not assert any cause of action based upon or requiring enforcement or interpretation of a contract, the Court should amend its Decision and deny Defendants' Motion for Attorney's Fees to recognize Plaintiff as the prevailing party.

DATED this 22nd day of February, 2024.

                                                DURBANO LAW FIRM, P.C.

                                                /s/ *Richard A. Bednar*
                                                Douglas M. Durbano
                                                Richard A. Bednar
                                                Attorneys for Plaintiffs

## **CERTIFICATE OF SERVICE**

I certify that on February 22, 2024, I electronically filed the foregoing MOTION TO ALTER OR AMEND MEMORANDUM DECISION AND ORDER AWARDING ATTORNEY'S FEES using the Court's electronic filing system. All parties to the case are registered electronic filers. Accordingly, the Notice of Electronic Filing (NEF) serves as proof of service.

                                                /s/ *Richard A. Bednar*