IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH

| | |
|---|---|
| **BSJ TRAVEL INC.**, a Utah corporation including and on behalf of the present and future officers of BSJ Travel, Inc.,<br><br>    Plaintiff,<br><br>vs.<br><br>**OGDEN CITY AIRPORT; OGDEN CITY**, a municipality in the State of Utah; **GARY WILLIAMS**, an individual and Government Official; **BRYANT GARRETT**, an individual and Government Official, and **JOHN DOES 1–10**.<br><br>    **Defendants.** | **MEMORANDUM DECISION AND ORDER**<br><br>Case No. 1:22-cv-00156-DAK<br><br>Judge Dale A. Kimball |

This matter is before the court on Plaintiff's Motion to Alter or Amend Memorandum Decision and Order Awarding Attorney's Fees. After considering the briefs and materials submitted by the parties, the court renders the following Memorandum Decision and Order denying Plaintiff's motion.

## BACKGROUND

On November 14, 2022, Plaintiff filed a complaint that included claims for temporary, preliminary, and permanent injunctive relief; physical taking of property; retaliation; and a violation of civil rights under U.S.C. § 1983 [ECF No. 1]. These claims arose from the relationship between Defendants and Plaintiff that was set forth in the Hangar Lease.

1

In response to these claims, Defendants filed a Motion to Dismiss [ECF No. 25]. On July 31, 2023, this court issued its Memorandum Decision and Order granting Defendants' Motion to Dismiss for Failure to State a Claim. After this, Defendants brought a Motion for Attorney Fees [ECF No. 53]. On February 2, 2024, this court issued a Memorandum Decision and Order granting Defendants' Motion for Attorney Fees [ECF No. 77].

## DISCUSSION

Courts have wide discretion whether to grant or deny a Rule 59(e) motion. *See Phelps v. Hamilton*, 122 F.3d 1309, 1324 (10th Cir. 1997). The movant must be able to show: (1) an intervening change in the controlling law; (2) new evidence previously unavailable; or (3) the need to correct clear error or prevent manifest injustice. *Chidister v. Astrue*, 2010 WL 1726893 (D. Utah 2010). In sum, a party must show clear error and in order to do this a party must "base its motion on arguments that were previously raised but were overlooked by the Court—'[p]arties are not free to relitigate issues that the Court has already decided.'" *Id*. "Courts routinely deny Rule 59(e) motions in which the movant rehashes old arguments, attempts to re-argue an issue more persuasively that the court has already addressed, or where a movant tries to take the proverbial second bite at the apple." *Id*.

Here, Plaintiff does not identify any clear error and instead attempts to "relitigate issues that the Court has already decided." Accordingly, the court declines to reconsider its previous decision to award Attorney Fees and Plaintiff's motion is denied.

## CONCLUSION

For the foregoing reasons, the court DENIES Plaintiff's Motion.

DATED this 19th day of August 2024.

                                          BY THE COURT:

                                          _____
                                          DALE A. KIMBALL
                                          United States District Judge